UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>GREAT EASTERN SECURITIES, INC.,<br><br>Defendant. | Civil Action No. 08-CV-7516 (NRB) |

## ORDER

On the Complaint and Application of the Securities Investor Protection Corporation ("SIPC"), it is hereby:

I.   ORDERED, ADJUDGED and DECREED that the customers of the Defendant, Great Eastern Securities, Inc., are in need of the protection afforded by the Securities Investor Protection Act of 1970, as amended ("SIPA", 15 U.S.C. §78aaa *et seq.*).

II.   ORDERED that pursuant to 15 U.S.C. §78eee(b)(3), SIPC is appointed trustee for the liquidation of the business of the Defendant with all the duties and powers of a trustee as prescribed in SIPA, and the law firm of Hahn & Hessen, LLP is appointed counsel for the trustee.

III.   ORDERED that all persons and entities are notified that, subject to the other provisions of 11 U.S.C. §362, the automatic stay provisions of 11 U.S.C. §362(a) operate as a stay of:

A. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other proceeding against the Defendant that was or could have been commenced before the commencement of this proceeding, or to recover a claim against the Defendant that arose before the commencement of this proceeding;

B. the enforcement against the Defendant or against property of the estate of a judgment obtained before the commencement of this proceeding;

C. any act to obtain possession of property of the estate or property from the estate;

D. any act to create, perfect or enforce any lien against property of the estate;

E. any act to create, perfect or enforce against property of the Defendant any lien to the extent that such lien secures a claim that arose before the commencement of this proceeding;

F. any act to collect, assess or recover a claim against the Defendant that arose before the commencement of this proceeding;

G. the setoff of any debt owing to the Defendant that arose before the commencement of this proceeding against any claim against the Defendant; and

H. the commencement or continuation of a proceeding before the United States Tax Court concerning the Defendant's tax liability for a taxable period the Bankruptcy Court may determine.

IV. ORDERED that all persons and entities are stayed, enjoined and restrained from directly or indirectly removing, transferring, setting off, receiving, retaining, changing, selling, pledging, assigning or otherwise disposing of, withdrawing or interfering with any assets or property owned, controlled or in the possession of the Defendant, including but not limited to the books and

records of the Defendant, and customers' securities and credit balances, except for the purpose of effecting possession and control of said property by the trustee.

V. ORDERED that pursuant to 15 U.S.C. §78eee(b)(2)(B)(i), any pending bankruptcy, mortgage foreclosure, equity receivership or other proceeding to reorganize, conserve or liquidate the Defendant or its property and any other suit against any receiver, conservator or trustee of the Defendant or its property, is stayed.

VI. ORDERED that pursuant to 15 U.S.C. §§78eee(b)(2)(B)(ii) and (iii), and notwithstanding the provisions of 11 U.S.C. §§362(b) and 553, except as otherwise provided in this Order, all persons and entities are stayed, enjoined and restrained for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from enforcing liens or pledges against the property of the Defendant and from exercising any right of setoff, without first receiving the written consent of SIPC, as trustee and in its corporate capacity.

VII. ORDERED that, pursuant to 15 U.S.C. §78eee(b)(2)(C)(ii), and notwithstanding 15 U.S.C. §78eee(b)(2)(C)(i), all persons and entities are stayed for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from foreclosing on, or disposing of, securities collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements, securities sold by the Defendant under a repurchase agreement, or securities lent under a securities lending agreement, without first receiving the written consent of SIPC, as trustee and in its corporate capacity.

VIII. ORDERED that the stays set forth above shall not apply to:

A. any suit, action or proceeding brought or to be brought by the United States

        Securities and Exchange Commission ("Commission") or any self-regulatory organization of which the Defendant is now a member or was a member within the past six months; or

B.     the exercise of a contractual right of a creditor to liquidate, terminate, or accelerate a securities contract, commodity contract, forward contract, repurchase agreement, swap agreement, or master netting agreement, as those terms are defined in 11 U.S.C. §§101, 741, and 761, to offset or net termination values, payment amounts, or other transfer obligations arising under or in connection with one or more of such contracts or agreements, or to foreclose on any cash collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements; or

C.     the exercise of a contractual right of any securities clearing agency to cause the liquidation of a securities contract as defined in 11 U.S.C. §741(7); or

D.     the exercise of a contractual right of any stockbroker or financial institution, as defined in 11 U.S.C. §101, to use cash or letters of credit held by it as collateral, to cause the liquidation of its contract for the loan of a security to the Defendant or for the pre-release of American Depository Receipts or the securities underlying such receipts; or

E.     the exercise of a contractual right of any "repo" participant, as defined in 11 U.S.C. §101, to use cash to cause the liquidation of a repurchase agreement, pursuant to which the Defendant is a purchaser of securities, whether or not such repurchase agreement meets the definition set forth in 11 U.S.C. §101(47); or

F.     any setoff or liquidating transaction undertaken pursuant to the rules or bylaws of

any securities clearing agency registered under section 17A(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78q-1(b), or by any person acting under instructions from and on behalf of such a securities clearing agency; or

G. any settlement transaction undertaken by such securities clearing agency using securities either (i) in its custody or control, or (ii) in the custody or control of another securities agency with which it has a Commission approved interface procedure for securities transactions settlements, provided that the entire proceeds thereof, without benefit of any offset, are promptly turned over to the trustee; or

H. any transfer or delivery to a securities clearing agency by a bank or other depository, pursuant to instructions given by such clearing agency, of cash, securities, or other property of the Defendant held by such bank or depository subject to the instructions of such clearing agency and constituting a margin payment as defined in 11 U.S.C. §741(5).

I. the exercise of a contractual right, as such term is used in 11 U.S.C. § 555, in respect of (i) any extension of credit for the clearance or settlement of securities transactions or (ii) any margin loan, as such term is used in 11 U.S.C. § 741(7), by a securities clearing bank. As used herein, "securities clearing bank" refers to any financial participant, as defined in 11 U.S.C. § 101(22A), that extends credit for the clearance or settlement of securities transactions to one or more Primary Government Securities Dealers designated as such by the Federal Reserve Bank of New York from time to time.

IX. ORDERED that pursuant to 15 U.S.C. §78eee(b)(4), this liquidation proceeding is removed to the United States Bankruptcy Court for the Southern District of New York.

X.   ORDERED that the trustee is authorized to take immediate possession of the property of the Defendant, wherever located, including but not limited to the books and records of the Defendant, and to open accounts and obtain a safe deposit box at a bank or banks to be chosen by the trustee, and the trustee may designate such of his representatives who shall be authorized to have access to such property.

New York, New York this 3d day of September, 2008.

_____
NAOMI R. BUCHWALD
UNITED STATES DISTRICT JUDGE